**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JESSICA JOHNSON, DEREK PADDY, LEO COOK, | No. |
| Plaintiffs, | |
| v. | |
| SGT. HAIN, #610; DETECTIVE RYAN MONAGHAN; DONALD KRAMER, in his official capacity as KANE COUNTY SHERIFF; KANE COUNTY, | |
| Defendants. | |

## COMPLAINT

NOW COME the PLAINTIFFS JESSICA JOHNSON, DEREK PADDY, and LEO COOK ("PLAINTIFFS"), by and through their attorney, Kara Amouyal, Esq., of the Blake Horwitz Law Firm, Ltd., and pursuant to this Complaint at Law, state the following against the above-named Defendants, SGT. HAIN, #610, DETECTIVE RYAN MONAGHAN (collectively, "DEFENDANT OFFICERS"), DONALD KRAMER, in his official capacity as KANE COUNTY SHERIFF ("DEFENDANT KANE COUNTY SHERIFF"); and KANE COUNTY.

### A. JURISDICTION

1.  This action is brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, *Monell v. N.Y. Dep't of Soc. Servs.,* 436 U.S. 658 (1978), and the Fourth and Fourteenth Amendments to the United States Constitution.

2.  The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a) and the Constitution of the United States.

3.  Venue is appropriate in this Court, pursuant to 28 U.S.C. §1391(b), because the

events alleged in this Amended Complaint took place in this District.

## B. PARTIES

4.     PLAINTIFFS are residents of the United States.

5.     At all relevant times, the DEFENDANT OFFICERS were employed by and acting on behalf of DEFENDANT KANE COUNTY SHERIFF.

6.     At all relevant times, DEFENDANT KANE COUNTY SHERIFF was a constitutionally-elected law enforcement official, responsible for enforcement of Illinois law in Kane County.

7.     At all relevant times, DEFENDANT KANE COUNTY SHERIFF was the employer and principal of DEFENDANT OFFICERS.

8.     At all relevant times, DEFENDANT KANE COUNTY appropriated public funds to DEFENDANT KANE COUNTY SHERIFF.

9.     At all relevant times, DEFENDANT KANE COUNTY SHERIFF was funded by funds appropriations decided upon and directed by DEFENDANT KANE COUNTY.

10.    DEFENDANT KANE COUNTY is a duly incorporated municipal corporation.

11.    At all relevant times, the DEFENDANT OFFICERS were acting under color of state law, ordinance or regulation, statutes, custom and usages of DEFENDANT KANE COUNTY SHERIFF.

12.    At all relevant times, the DEFENDANT OFFICERS were on duty and were duly appointed police officers for DEFENDANT KANE COUNTY SHERIFF.

13.    At all relevant times, DEFENDANT DETECTIVE MONAGHAN was a K-9 dog handler.

14.    The DEFENDANT OFFICERS engaged in the conduct that is the subject of this action in

2

the course and scope of their employment and while on duty.

15.     At all relevant times, DEFENDANT Sgt. HAIN condoned, approved of, and/or turned a blind eye to DEFENDANT DETECTIVE MONAGHAN's conduct described more specifically in this Complaint.

16.     DEFENDANT Sgt. HAIN is being sued in his capacity as supervisor.

17.     DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN are being sued in their individual capacities.

18.     DONALD KRAMER is being sued in his official capacity as KANE COUNTY SHERIFF.

**C.     FACTS RELATING TO DEFENDANT KANE COUNTY SHERIFF'S OFFICE AND DEFENDANT SGT. HAIN'S INVOLVEMENT WITH DESERT SNOW, LLC AND BLACK ASPHALT, LLC**

19.     Desert Snow, LLC (hereinafter "Desert Snow") is a private, for-profit "Criminal and Terrorist Identification and Apprehension" company that provides training for law enforcement agencies in highway interdiction and asset forfeiture.

20.     Desert Snow has trained many law enforcement agencies around the country on the subject of highway interdiction and asset forfeiture.

21.     Desert Snow trains officers to extend the legally justified duration of traffic stops.

22.     Desert Snow trains officers to conduct warrantless searches of vehicles during traffic stops, even absent driver or passenger consent.

23.     Desert Snow trains officers to aggressively utilize asset forfeiture.

24.     As far back as July of 2013, Oklahoma Judge David A. Stephens publicly criticized Desert Snow and its founder and owner for deceptively posing as a police officer employed by an Oklahoma government or municipality during a traffic stop.

25.   DEFENDANT Sgt. HAIN was at all times relevant hereto employed by Desert Snow.

26.   At all relevant times, DEFENDANT KANE COUNTY SHERIFF had notice of and acquiesced to DEFENDANT Sgt. HAIN's employment with Desert Snow.

27.   DEFENDANT Sgt. HAIN has received training on highway interdiction and asset forfeiture from Desert Snow.

28.   DEFENDANT KANE COUNTY SHERIFF has paid for training for KANE COUNTY SHERIFF'S OFFICE officers on the subject of asset forfeiture.

29.   DEFENDANT Sgt. HAIN and other employees of DEFENDANT KANE COUNTY SHERIFF have carried out hundreds of traffic stops that resulted in asset forfeiture.

30.   DEFENDANT Sgt. HAIN and other employees of DEFENDANT KANE COUNTY SHERIFF have carried out hundreds of asset forfeitures.

31.   DEFENDANT Sgt. HAIN has stated that asset forfeiture could be "a tax-liberating gold mine" and has stated that governments can "pull in expendable cash hand over fist".

32.   DEFENDANT KANE COUNTY SHERIFF has received millions of dollars of cash and assets due to the asset forfeiture carried out by DEFENDANT Sgt. HAIN and other employees of DEFENDANT KANE COUNTY SHERIFF.

33.   Black Asphalt, LLC (hereinafter "Black Asphalt"), is owned and was founded by the individual that owns and founded Desert Snow.

34.   Black Asphalt is a private, for-profit database that allows law enforcement officials across the nation to share information about motorists.

35.   Black Asphalt users share information about motorists for the purpose of facilitating highway interdiction.

36.   Black Asphalt contains personal, private, and confidential information of thousands of

United States citizens, including vehicle identification numbers.

37.    At all relevant times, Black Asphalt was controlled by DEFENDANT KANE COUNTY

SHERIFF.

38.    At all relevant times, DEFENDANT Sgt. HAIN was the point of contact for Black

Asphalt.

### D.    FACTS RELATING TO THE APRIL 15, 2015 TRAFFIC STOP

39.    On November 11, 2015, PLAINTIFFS were traveling on the interstate through Kane

County, Illinois.

40.    The PLAINTIFFS were traveling in a vehicle owned by PLAINTIFF JOHNSON ("the

vehicle").

41.    PLAINTIFF JOHNSON was driving the vehicle.

42.    On November 11, 2015, DEFENDANT Sgt. HAIN conducted a traffic stop on

PLAINTIFFS.

43.    DEFENDANT Sgt. HAIN conducted the traffic stop because the vehicle appeared to be

following too closely to another vehicle and because the vehicle had tinted windows.

44.    The vehicle had Minnesota license plates.

45.    DEFENDANT Sgt. HAIN approached the vehicle and asked PLAINTIFF JOHNSON for

her driver's license and proof of insurance.

46.    PLAINTIFF JOHNSON showed DEFENDANT Sgt. HAIN her driver's license.

47.    PLAINTIFF JOHNSON did not show proof of insurance.

48.    Proof of insurance was not required.

49.    DEFENDANT Sgt. HAIN asked PLAINTIFF JOHNSON to exit the vehicle.

50.     DEFENDANT Sgt. HAIN explained to PLAINTIFF JOHNSON why DEFENDANT Sgt. HAIN initiated the traffic stop.

51.     DEFENDANT Sgt. HAIN asked PLAINTIFF JOHNSON to sit in the front passenger seat of his squad car.

52.     While in the squad car, DEFENDANT Sgt. HAIN learned that the vehicle was registered in Minnesota.

53.     DEFENDANT Sgt. HAIN questioned PLAINTIFF JOHNSON about the PLAINTIFFS' travels.

54.     PLAINTIFF JOHNSON answered Sgt. HAIN's questions.

55.     DEFENDANT Sgt. HAIN requested back-up from DEFENDANT DETECTIVE MONAGHAN.

56.     DEFENDANT DETECTIVE MONAGHAN arrived at the scene of the traffic stop.

57.     DEFENDANT Sgt. HAIN completed a written warning.

58.     No employee of DEFENDANT KANE COUNTY SHERIFF, including DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN, had legal justification to extend the duration of the traffic stop after DEFENDANT Sgt. HAIN completed the written warning.

59.     On October 17, 2017, the Appellate Court of Illinois ruled that DEFENDANT Sgt. HAIN and/or DEFENDANT DETECTIVE MONAGHAN did not have legal justification to extend the duration of the traffic stop after DEFENDANT Sgt. HAIN completed the written warning.

60.     DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN knew that they did not have legal justification to extend the duration of the traffic stop after DEFENDANT Sgt. HAIN completed the written warning.

61.     DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN had a reasonable opportunity to prevent the extended duration of the traffic stop after DEFENDANT Sgt. HAIN completed the written warning.

62.     DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN failed to intervene in the extended duration of the traffic stop.

63.     DEFENDANT Sgt. HAIN told PLAINTIFF JOHNSON to remain in the squad car.

64.     Telling PLAINTIFF JOHNSON to remain in the squad car constituted an arrest and/or a seizure of PLAINTIFF JOHNSON.

65.     No employee of DEFENDANT KANE COUNTY SHERIFF, including DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN, had legal justification to arrest and/or further seize PLAINTIFF JOHNSON.

66.     DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN knew that they did not have legal justification to arrest and/or further seize PLAINTIFF JOHNSON.

67.     DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN had a reasonable opportunity to prevent the arrest and/or further seizure PLAINTIFF JOHNSON.

68.     DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN failed to intervene in the arrest and/or further seizure of PLAINTIFF JOHNSON.

69.     DEFENDANT Sgt. HAIN exited the squad car and approached the vehicle.

70.     DEFENDANT Sgt. HAIN questioned PLAINTIFF COOK about an insurance card.

71.    DEFENDANT Sgt. HAIN did not have legal justification to question PLAINTIFF COOK about an insurance card.

72.    On October 17, 2017, the Appellate Court of Illinois ruled that DEFENDANT Sgt. HAIN did not have legal justification to question PLAINTIFF COOK about an insurance card.

73.    DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN knew that DEFENDANT Sgt. HAIN did not have legal justification to question PLAINTIFF COOK about an insurance card.

74.    DEFENDANT Sgt. HAIN asked PLAINTIFF COOK to show PLAINTIFF COOK's identification.

75.    DEFENDANT Sgt. HAIN asked PLAINTIFF PADDY for PLAINTIFF PADDY's name and date of birth.

76.    DEFENDANT Sgt. HAIN questioned PLAINTIFF COOK about the PLAINTIFFS' travels.

77.    No employee of DEFENDANT KANE COUNTY SHERIFF, including DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN, had legal justification to question PLAINTIFFS PADDY and COOK.

78.    DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN knew that they did not have legal justification to question PLAINTIFFS PADDY and COOK.

79.    DEFENDANT Sgt. HAIN ordered PLAINTIFFS PADDY and COOK to exit the vehicle.

80.    No employee of DEFENDANT KANE COUNTY SHERIFF, including DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN, had legal justification to order that PLAINTIFFS PADDY and COOK exit the vehicle.

81. DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN knew that they did not have legal justification to order that PLAINTIFFS PADDY and COOK exit the vehicle.

82. DEFENDANT Sgt. HAIN searched PLAINTIFFS PADDY and COOK.

83. Questioning PLAINTIFFS PADDY and COOK, ordering PLAINTIFFS PADDY and COOK to exit the vehicle, and searching PLAINTIFFS PADDY and COOK constituted an arrest and/or a seizure of PLAINTIFFS PADDY and COOK.

84. No employee of DEFENDANT KANE COUNTY SHERIFF, including DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN, had legal justification to arrest and/or further seize PLAINTIFFS PADDY and COOK.

85. DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN knew that they did not have legal justification to arrest and/or further seize PLAINTIFFS PADDY and COOK.

86. DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN had a reasonable opportunity to prevent the arrest and/or further seizure of PLAINTIFFS PADDY and COOK.

87. DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN failed to intervene in the arrest and/or further seizure of PLAINTIFFS PADDY and COOK.

88. DEFENDANT DETECTIVE MONAGHAN's K-9 conducted a sniff search of the vehicle.

89. No employee of DEFENDANT KANE COUNTY SHERIFF, including DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN, had legal justification to order or conduct a K-9 sniff search of the vehicle.

90.   DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN knew that they did not have legal justification to order or conduct a K-9 sniff search of the vehicle.

91.   DEFENDANT Sgt. HAIN had a reasonable opportunity to prevent the K-9 sniff search of the vehicle.

92.   DEFENDANT Sgt. HAIN failed to intervene in the K-9 sniff search of the vehicle.

93.   DEFENDANT DETECTIVE MONAGHAN's K-9 was trained to passively alert to the odor of drugs.

94.   During the K-9 sniff of the vehicle, the dog did not passively alert to the odor of drugs.

95.   DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN knew that the dog did not passively alert to the odor of drugs.

96.   DEFENDANT Sgt. HAIN then conducted a search of the vehicle.

97.   No employee of DEFENDANT KANE COUNTY SHERIFF, including DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN, had legal justification to conduct a search of the vehicle.

98.   DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN knew that they did not have legal justification to conduct a search of the vehicle.

99.   DEFENDANT DETECTIVE MONAGHAN had a reasonable opportunity to prevent the search of the vehicle.

100.   DEFENDANT DETECTIVE MONAGHAN failed to intervene in the search of the vehicle.

101.   During the search, DEFENDANT Sgt. HAIN found money in PLAINTIFF JOHNSON's purse.

102.   DEFENDANT Sgt. HAIN seized PLAINTIFF JOHNSON's money.

103. No employee of DEFENDANT KANE COUNTY SHERIFF, including DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN, had legal justification to seize PLAINTIFF JOHNSON's money.

104. DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN knew that they did not have legal justification to seize PLAINTIFF JOHNSON's money.

105. DEFENDANT DETECTIVE MONAGHAN had a reasonable opportunity to prevent the seizure of PLAINTIFF JOHNSON's money.

106. DEFENDANT DETECTIVE MONAGHAN failed to intervene in the seizure of PLAINTIFF JOHNSON's money.

107. DEFENDANT Sgt. HAIN handcuffed PLAINTIFFS COOK and PADDY.

108. DEFENDANT Sgt. HAIN and/or DEFENDANT DETECTIVE MONAGHAN arrested PLAINTIFFS.

109. No employee of DEFENDANT KANE COUNTY SHERIFF, including DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN, had legal justification to arrest PLAINTIFFS.

110. DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN knew that they did not have legal justification to arrest PLAINTIFFS.

111. DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN had a reasonable opportunity to prevent the arrest of PLAINTIFFS.

112. DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN failed to intervene in the arrest of PLAINTIFFS.

113. On November 11, 2015, one or more of the DEFENDANT OFFICERS ordered that be vehicle be towed to the DEFENDANT KANE COUNTY SHERIFF's Office.

114. One or more DEFENDANT OFFICERS seized the vehicle by towing it to the DEFENDANT KANE COUNTY SHERIFF's Office.

115. No employee of DEFENDANT KANE COUNTY SHERIFF, including DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN, had legal justification to seize the vehicle.

116. DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN knew that they did not have legal justification to seize the vehicle.

117. DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN had a reasonable opportunity to prevent the seizure of the vehicle.

118. DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN failed to intervene in the seizure of the vehicle.

119. At no time on or before November 11, 2015 did any employee of DEFENDANT KANE COUNTY SHERIFF, including DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN, have a warrant to conduct the above-described actions.

120. At no time on or before November 11, 2015 did any employee of DEFENDANT KANE COUNTY SHERIFF, including DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN, have any PLAINTIFFS' consent to conduct the above-described actions.

## COUNT I
### § 1983 Unreasonable Seizure of Person/Failure to Intervene
(PLAINTIFFS Against DEFENDANT OFFICERS)

121. PLAINTIFFS re-allege the above paragraphs as though fully set forth herein.

122. As detailed above, DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN detained PLAINTIFFS during the traffic stop.

123. As detailed above, PLAINTIFFS were detained during the traffic stop for a time and/or in a manner that was not legally justified given the totality of the circumstances surrounding the traffic stop.

124. DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN did not have a warrant, consent, exigent circumstances, or any other legal justification to detain PLAINTIFFS for an extended duration during the traffic stop.

125. Detaining PLAINTIFFS in this manner without any legal justification violated their Fourth Amendment rights, as guaranteed by the Fourteenth Amendment.

126. Additionally, DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN knew that PLAINTIFFS were being unreasonably seized at the traffic stop, had the reasonable opportunity to prevent the unreasonable seizure, yet failed to do so.

127. The actions of DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN alleged herein were the direct and proximate cause of the constitutional violations and the resulting injuries that PLAINTIFFS sustained.

WHEREFORE, PLAINTIFFS respectfully request that this Court enter Judgment in their favor and against DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN and award compensatory and punitive damages, court costs, attorneys' fees, and other such relief that this Court deems just and equitable.

## COUNT II
### §1983 Unreasonable Search of Property/Failure to Intervene
#### (PLAINTIFF JOHNSON Against DEFENDANT OFFICERS)

128.   PLAINTIFF JOHNSON re-alleges the above paragraphs as though fully set forth herein.

129.   As detailed above, during the traffic stop, DEFENDANT DETECTIVE MONAGHAN conducted a K-9 sniff search of PLAINTIFF JOHNSON's vehicle.

130.   As detailed above, during the traffic stop, DEFENDANT Sgt. HAIN entered and searched PLAINTIFF JOHNSON's vehicle.

131.   DEFENDANT DETECTIVE MONAGHAN and DEFENDANT Sgt. HAIN did not have a warrant, consent, exigent circumstances, or any other legal justification to search PLAINTIFF JOHNSON's vehicle.

132.   Searching PLAINTIFF JOHNSON's vehicle without any legal justification violated her Fourth Amendment rights, as guaranteed by the Fourteenth Amendment.

133.   Additionally, DEFENDANT DETECTIVE MONAGHAN and DEFENDANT Sgt. HAIN knew that PLAINTIFF JOHNSON's vehicle was being unreasonably searched, had the reasonable opportunity to prevent the unreasonable search, yet failed to do so.

134.   The actions of DEFENDANT DETECTIVE MONAGHAN and DEFENDANT Sgt. HAIN alleged herein were the direct and proximate cause of the constitutional violations and the resulting injuries that PLAINTIFF JOHNSON sustained.

WHEREFORE, PLAINTIFF JOHNSON respectfully requests that this Court enter Judgment in her favor and against DEFENDANT DETECTIVE MONAGHAN and DEFENDANT Sgt. HAIN and award compensatory and punitive damages, court costs, attorneys' fees, and other such relief that this Court deems just and equitable.

## COUNT III
### § 1983 Unreasonable Seizure of Property/Failure to Intervene
#### (PLAINTIFF JOHNSON Against DEFENDANT OFFICERS)

135.    PLAINTIFF JOHNSON re-alleges the above paragraphs as though fully set forth herein.

136.    As detailed above, DEFENDANT Sgt. HAIN seized PLAINTIFF JOHNSON's property.

137.    DEFENDANT Sgt. HAIN did not have a warrant, consent, exigent circumstances, or any other legal justification to seize PLAINTIFF JOHNSON's property.

138.    Seizing PLAINTIFF JOHNSON's property without any legal justification violated her Fourth Amendment rights, as guaranteed by the Fourteenth Amendment.

139.    Additionally, DEFENDANT DETECTIVE MONAGHAN knew that PLAINTIFF JOHNSON's property was being unreasonably seized, had the reasonable opportunity to prevent the unreasonable seizure, yet failed to do so.

140.    The actions of DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN alleged herein were the direct and proximate cause of the constitutional violations and the  resulting injuries that PLAINTIFF JOHNSON sustained.

WHEREFORE, PLAINTIFF JOHNSON respectfully requests that this Court enter Judgment in her favor and against DEFENDANT Sgt. HAIN and DEFENDANT DETECTIVE MONAGHAN and award compensatory and punitive damages, court costs, attorneys' fees, and other such relief that this Court deems just and equitable.

## COUNT IV
### § 1983 Failure to Train, Supervise, or Discipline (*Monell* Action)
#### (PLAINTIFFS Against KANE COUNTY SHERIFF)

141.    PLAINTIFFS re-allege the above paragraphs as though fully set forth herein.

142. In November of 2015, and for a period of time prior thereto, DEFENDANT KANE COUNTY SHERIFF had notice of a widespread practice by its employees under which citizens such as PLAINTIFFS were routinely subjected to unreasonable seizures and searches without legal justification during traffic stops.

143. It is common for police officers employed with DEFENDANT KANE COUNTY SHERIFF to stop and prolong the detention of and/or falsely arrest citizens and to search and seize their property, all without a legally sufficient justification.

144. Specifically, there exists a widespread practice at the DEFENDANT KANE COUNTY SHERIFF's Office under which officers commonly:

   A) Prolong citizens' detentions pursuant to traffic stops without a legally sufficient basis;

   B) Search vehicles without legal justification during those stops; and

   C) Seize citizens' property without legal justification as a result of those stops.

145. Further, DEFENDANT KANE COUNTY SHERIFF fails to discipline officers who have conducted legally deficient stops, searches, and seizures as described above.

146. This widespread practice is allowed to flourish because DEFENDANT KANE COUNTY SHERIFF directly encourages, and is thereby the moving force behind, the very type of misconduct at issue by failing to adequately train, supervise, and control officers, and by failing to adequately punish and discipline prior instances of similar misconduct, thus directly encouraging future abuses such as those affecting PLAINTIFFS.

147. Further, as described above, the DEFENDANT KANE COUNTY SHERIFF financially benefits from and directly encourages the unconstitutional use of asset forfeiture by:

16

A) Acquiescing to DEFENDANT Sgt. HAIN's employment with Desert Snow, a company that trains officers to use aggressive highway interdiction techniques including, but not limited to, extending the legally-justified duration of a traffic stop, conducting vehicle searches without legal justification, and commencing asset forfeiture proceedings absent legal justification;

B) Paying to have its employees trained by Desert Snow; and

C) Hosting Black Asphalt, a nationwide, privately-owned database that facilitates highway interdiction.

148. In this way, DEFENDANT KANE COUNTY SHERIFF violated PLAINTIFFS' rights by maintaining policies and practices that were the moving force for the aforementioned constitutional violations.

149. The above-described widespread practices, so well-settled as to constitute de facto policy in the DEFENDANT KANE COUNTY SHERIFF's Office, were able to exist and thrive because governmental policymakers with authority over the same, exhibited deliberate indifference to the problem, thereby effectively ratifying it.

150. These widespread practices of the DEFENDANT KANE COUNTY SHERIFF's office, perpetrated on PLAINTIFFS as described above, violated their Fourth Amendment rights, as guaranteed by the Fourteenth Amendment.

151. These widespread practices were the direct and proximate cause of the constitutional violations and the resulting injuries that PLAINTIFFS sustained.

152. PLAINTIFFS' injuries were caused by employees of DEFENDANT KANE COUNTY SHERIFF who acted pursuant to the DEFENDANT KANE COUNTY SHERIFF's Office policies and practices in engaging in the misconduct described herein.

WHEREFORE, pursuant to *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), PLAINTIFFS respectfully request that this Court enter Judgment in their favor and against DEFENDANT KANE COUNTY SHERIFF, and award compensatory damages, court costs, attorneys' fees, and other such relief that this Court deems just and equitable.

## COUNT V
### §1983 Claim for Supervisory Liability
### (PLAINTIFFS Against DEFENDANT Sgt. HAIN)

153.  PLAINTIFFS re-allege the above paragraphs as though fully set forth herein.

154.  DEFENDANT Sgt. HAIN approved, facilitated, condoned, and/or ordered the actions of DEFENDANT DETECTIVE MONAGHAN against PLAINTIFFS as described in this Complaint.

155.  In the alternative, DEFENDANT Sgt. HAIN knew about DEFENDANT DETECTIVE MONAGHAN's conduct and/or turned a blind eye to DEFENDANT DETECTIVE MONAGHAN's conduct against PLAINTIFFS as described in this Complaint.

156.  DEFENDANT Sgt. HAIN's actions, described in this Count, violated the Fourth Amendment rights of PLAINTIFFS, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

157.  DEFENDANT Sgt. HAIN's actions, described in this Count, were a proximate cause of the constitutional violations and the resulting injuries that PLAINTIFFS sustained.

WHEREFORE, PLAINTIFFS respectfully request that this Court enter Judgment in their favor and against DEFENDANT Sgt. HAIN and award compensatory and punitive damages, court costs, attorneys' fees, and other such relief that this Court deems just and equitable.

<u>COUNT VI</u>
<u>745 ILCS 10/9-102 Claim Against DEFENDANT KANE COUNTY</u>

158.    PLAINTIFFS re-allege the above paragraphs as though fully set forth herein.

159.    DEFENDANT KANE COUNTY is the indemnifier of the other Defendants.

160.    One or more of the DEFENDANT OFFICERS committed the acts alleged above under color of law and in the scope of their employment by the Kane County Sheriff's Office.

WHEREFORE, should one or more of the DEFENDANTS be found liable for any of the federal claims in this action, PLAINTIFFS demand that KANE COUNTY pay any judgment (other than punitive damages) obtained in this action against one or more DEFENDANTS, pursuant to 745 ILCS 10/9-102.

<u>JURY DEMAND</u>

Plaintiffs demand trial by jury.

Respectfully submitted,

By:    s/Blake Horwitz_____
        One of the attorneys for the Plaintiffs

Kara Amouyal, Esq.
Blake Horwitz, Esq.
**The Blake Horwitz Law Firm, Ltd.**
111 W. Washington St., Suite 1611
Chicago IL 60602
Telephone: (312) 676-2100
Fax: (312) 445-8741